GEORGIA,
Chatham Co.
JUNE, 1808.

State
vs.
Wederstrandt.

*Minutes of Superior Court, letter G. p.* 1.

CHATHAM COUNTY.

*Chambers, June 29, 1808.*

The STATE *vs.* P. C. WEDERSTRANDT.

### HABEAS CORPUS.

*John Lorton, Martin Welch, Francis Corderin,* and *James Smith,* were this day brought up agreeably to the mandate of a writ of habeas corpus, directed to *P. C. Wederstrandt,* Esq. Commander of the United States' Brig *Argus,* now lying in the river Savannah : Upon which writ the following return has been made, viz.

" I have the bodies of *John Lorton, Francis Corderin, Martin Welch,* and *James Smith,* as within commanded, who were seamen, and late on board the Brig *Charles,* captured at sea on the 17th of June, instant, for a violation of embargo laws, and brought into the port of Savannah, in the Brig *Argus,* who captured the *Charles.* The said Brig *Charles* is libelled in the admiralty, and a decision not yet had.

" *P. C. Wederstrandt.*

" *Savannah,* June 29, 1808."

Upon this return, a motion was made by *Davis* and *Berrien* for their discharge, upon the following grounds, viz.

1. Because if it is inferred from the return, that they are detained for the purpose of affording testimony in the admiralty against the vessel brought in for adjudication for an infraction of the embargo law, their presence for that purpose could be enforced by the process of that court.

2. Because if their detention on board the capturing vessel, until the captured vessel is brought *inter presidia,* for adjudication, is legal, yet the necessity of that detention ceased

GEORGIA,
Chatham Co.
JUNE, 1808.

State
vs.
Wederstrandt.

when the captured vessel was brought into port, and in possession of the admiralty.

On the other side, it was contended by *Bulloch*, District Attorney, that upon general principles, the captor has the right of transferring a portion of the crew of the captured vessel on board of the captors, and of detaining them for the purpose of obtaining their testimony.

By *Charlton*, Judge.

It is the universal practice of captors, and it is a right incidentally appertaining to the powers vested in them, to apportion the crew of the captured vessel, as sound discretion, founded upon the safety of the prize, may suggest. A portion of the crew is always selected and detained for the purpose of affording testimony. The control which the captors possess and exercise over the papers of the captured, they possess and may exercise over that part of the crew which may be chosen, for giving testimony, when required to be used on the trial.

In England the crew remain with the captors, or are recognised to give testimony upon the standing, or other interrogatories of the admiralty.

For the purpose of testimony, a seaman is a component part of his ship, and until an adjudication is had he is in the custody of the captors, unless the admiralty takes some other method to obtain his testimony. The seaman may at any moment apply to that jurisdiction, and solicit the taking of his deposition, after which, the restraint imposed upon him by the captors, will necessarily cease ; or he may stipulate for his appearance.

When these privileges are refused him, I should always be happy to extend to that valuable class of our citizens, the benefit of the writ of *habeas corpus*, for in resisting any violation upon the personal liberty of a citizen, I cannot be supposed to combat with any other jurisdiction.

*Prisoners remanded.*

*Davis* and *Berrien*, for the prisoners.
*Bulloch, Dist. Attorney,* for Wederstrandt.